## Lee v. Tierney

*Benjamin L. Winderman*, for plaintiff.
*Richard Lee Buskard* and *Thomas E. Thomas*, for defendant.

BULLOCK, *J.*, June 21, 1978—Plaintiffs have sued individual defendants and the City of Philadelphia as the result of an automobile accident on East River Drive in Philadelphia. The charge against the City is primarily that it "failed to maintain the intersection in a safe condition." The City has filed preliminary objections contending in paragraph 7 thereof that the street involved is a state highway and, therefore, the City has no responsibility as to its maintenance. Plaintiffs responded in answer to prelimiary objections as follows: "7.  Denied. Plaintiff, after reasonable investigation is without knowledge or information sufficient to form a reasonable (sic) as to the truth of the averments of paragraph 7 of the Preliminary Objections and said averments are, therefore, denied and proof demanded." The answer is signed by counsel and sworn to by counsel.

Whether or not a street is a state highway is the kind of fact we believe reasonable investigation can easily verify or disprove. Such a fact is a matter of official record. On reading plaintiffs' answer, we were curious as to what investigation plaintiffs or their counsel had made and, therefore, wrote counsel so inquiring. We received a response advising us: "Please be advised that we shall advise you as soon as we have heard from Pennsylvania Department of Transportation." Such an answer was, of

course, not responsive to the court's inquiry, and we, therefore, again requested a response. We received a second letter which did not even purport to answer the court's inquiry.

We believe it is fair to conclude that before the answer to preliminary objections was filed, no investigation whatever was made as to whether the street in question was a state highway. The averment as to "reasonable investigation," we therefore suspect, was a fraudulent effort to create a factual issue where none in fact existed. We heartily condemn such conduct. Unfortunately, conduct of this kind is, in our experience, widespread among counsel. The Rules of Civil Procedure relating to pleadings are intended to narrow factual and legal issues in order that cases may be ultimately most expeditiously disposed of. Repeatedly, we see responsive pleadings in which proof is demanded of obviously verifiable facts. The result is ultimately a trial in which 90 percent of the testimony is on noncontested factual issues. We believe, however, that more than a matter of judicial efficiency is here involved. We believe that counsel's conduct in violating both the letter and the spirit of the Rules of Civil Procedure raises very serious ethical questions. This is especially so where, as here, counsel has sworn to a pleading.

We do not believe that plaintiffs have adequately denied the City's allegation that the East River Drive is a City highway. The City's memorandum of law properly states the law that the City cannot be liable where, as here, the road involved is a state highway. Plaintiffs' memorandum of law addressed to the City's preliminary objections simply ignores the City's contention that it is not liable for accidents on a state highway.

## ORDER

And now, June 21, 1978, defendant City of Philadelphia's preliminary objections are sustained and the complaint in trespass is dismissed as to the City of Philadelphia.